## CIRCUIT COURT OF THE CITY OF LYNCHBURG

City of Lynchburg

    v.

James Taylor

August 4, 1978

By JUDGE NORMAN K. MOON

The defendant was charged with speeding in a 25 miles per hour zone. The evidence showed that defendant, while travelling east on Kemper Street, was clocked by radar at 37 miles per hour. He had passed a 25 miles per hour sign several blocks before being clocked and was within about 300 feet of a 35 miles per hour sign when he was clocked.

The question is whether the Commonwealth proved what the speed limit was at the time and place of the alleged offense. The fact that a sign is posted does not prove the speed limit for purposes of trial in a criminal case. The evidence must show that the zone is by virtue of its character, a certain speed zone or that the City Council has adopted another speed and that such speed is posted and maintained in the office of the City Engineer.

The court took judicial notice that the speed limit in a business or residential district is 25 miles per hour and 35 in all other areas unless other-wise prescribed by proper authorities of the City pursuant to law. The difficulty arises in this case because there was no evidence that the alleged offense took place in a business or residential area as defined in § 36.1-1 of the City Code. There was also no evi-

dence that Council had fixed a special speed limit at such place or that such was maintained in the Office of the City Engineer. The Court may in certain instances take judicial notice of the ordinances of Council but may not take judicial notice of <u>acts</u> of Council or its employees.

The mere fact that a sign is posted is not sufficient proof that Council has adopted a certain speed or that the City Engineer has such posted in his office. The sign may be misplaced. See <u>Mitchell</u> v. <u>Wilkerson</u>, 193 Va. 121 (1951).

Accordingly, the Court is of the opinion that it should have sustained defendant's motion to strike the evidence. An order will be entered in accordance with this opinion.